IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:09-cr-166-MEF |
| | ) | (WO) |
| IGNACIO ALVAREZ-VALENCIA | ) | |

**MEMORANDUM OPINION AND ORDER**

On October 9, 2009, Defendant, an alien convicted of an aggravated felony and deported, was charged with being "found" in the United States without express consent to reapply for admission into the United States, in violation of Title 8, United States Code § 1326(a) and (b)(2) (Doc. #1). Defendant filed a motion to dismiss the indictment on the grounds that the five-year statute of limitations had expired (Doc. #13). *See* 18 U.S.C. § 3282(a).

For the purposes of § 1326, an alien is constructively "found" in the United States when the government either knows of or, "with the exercise of diligence typical of law enforcement authorities," could have discovered the illegality of the alien's presence. *United States v. Scott*, 447 F.3d 1365, 1369 (11th Cir. 2006) (citing *United States v. Clarke*, 312 F.3d 1343, 1346 (11th Cir. 2002)). The Eleventh Circuit has held that this standard does not impute state officials' knowledge of an alien's illegal status to federal immigration officials. *See Clarke*, 312 F.3d at 1348-49. The Eleventh Circuit has also allowed a later running of the statute of limitations when the alien in question attempts to deceive federal immigration officials. *See United States v. Trejo-Arroyo*, 145 F. App'x 339 (11th Cir., Aug. 18, 2005)

(lying about the lack of an alien number and about being a party to immigration proceedings); *United States v. Green*, 133 F. App'x 666 (11th Cir., May 31, 2005) (providing a false name). However, the Eleventh Circuit has held that sufficient notice existed to begin the running of the limitations period when a federal immigrations official had notice of an alien's presence in the United States, his prior deportation, and his illegal status in this country. *Scott*, 447 F.3d at 1370.

Through the evidentiary hearing held in this Court on February 16, 2010 and the briefs submitted by the parties, the United States and Defendant stipulated to the following facts:

Defendant was convicted of an aggravated felony and sentenced on January 13, 1992. He was ordered deported on October 11, 1994 and was deported on or about February 3, 1995. In January 2002, Defendant completed and submitted to federal immigration officials Form I-90, requesting a replacement Permanent Residence Card. The Defendant's request for a replacement card was granted and he was issued another Permanent Residence Card. In August 2003, Defendant completed and submitted to federal immigration officials Form I-130, a Petition for Alien Relative, for the benefit of his wife. Defendant withheld no information on these forms. Defendant answered all relevant questions on these forms honestly. He accurately listed his name and Alien Registration Number, the same identification number for Defendant that federal immigration officials had in their files before his deportation, at his conviction for an aggravated felony, at his deportation, and at the time he filed these forms.

2

The Eleventh Circuit has given the United States an easy burden to satisfy in these cases.  So long as federal immigration officials "exercise . . . diligence typical of law enforcement authorities," the limitations period does not begin to run.  *E.g.*, *Scott*, 447 F.3d at 1369.   But this standard is designed to protect reasonable delay, not bureaucratic inefficiency.  Federal immigration officials had all the information they needed to "find" Defendant illegally in the United States in January 2002.  And if that did not sufficiently alert them, Defendant again reminded them of his presence in August 2003.  However, he was not indicted until October 2009, well over five years past the date Defendant should have been "found."  It appears that federal immigration officials "simply lost track" of Defendant.  *Id.* Unlike in *Scott*, where officials eventually "restarted their investigation," the Department of Homeland Security here took seven years to discover an obvious fact in an embarrassing display of organizational incompetence.  *Id.*  It is hereby

ORDERED that Defendant's Motion to Dismiss (Doc. #13) is GRANTED.

DONE this the 18th day of February, 2010.


_____
/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE